UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL CARLTON LOWE, SR., | Civil File No. 07-4783 (DWF/SRN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| SGT. B. CARLSON, SGT. S. MICHAL, HENNEPIN COUNTY MEDICAL CENTER, | |
| Defendants. | |

Plaintiff, an inmate at the Minnesota Correctional Facility at Rush City, Minnesota, is attempting to sue two police officers, as well as the Hennepin County Medical Center, for allegedly violating his federal constitutional rights. The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court recommends that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A.

**I. BACKGROUND**

When Plaintiff filed his complaint, he did not pay the $350.00 filing fee required by 28 U.S.C. § 1914(a), but he instead filed an application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Because Plaintiff is a prisoner, he cannot proceed IFP unless he pays the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Based on the information furnished in Plaintiff's original IFP application, the Court determined that Plaintiff was required to pay an initial partial filing fee in the amount of $3.00. By order dated December 10, 2007, (Docket No. 4), Plaintiff was directed to pay his $3.00 initial partial filing fee within twenty (20) days. Thereafter, Plaintiff did pay his initial partial filing fee.

(Docket No. 6.)

Approximately two weeks after Plaintiff filed his original complaint, (Docket No. 1), he filed a self-styled "Amended Statement of Claim," (Docket No. 5), which appeared to be an attempt to amend his initial pleading. The Court ordered that Plaintiff's "Amended Statement of Claim" be stricken, because he did not comply with Local Rule 15.1, which governs amendments to pleadings in this District. (Order dated January 22, 2008; [Docket No. 7].) However, the Court granted Plaintiff leave to file an amended complaint that would satisfy the requirements of Local Rule 15.1, and Plaintiff subsequently did so. Thus, the matter is presently before the Court pursuant to Plaintiff's amended complaint. (Docket No. 9.)

Plaintiff alleges in his amended complaint that two City of Minneapolis police officers, Defendants Sgt. B. Carlson and Sgt. S. Michal, directed a group of thirteen police officers to "forcibly and unlawfully" enter his home on April 8, 2007. According to the amended complaint, the officers shot and killed a family pet, searched Plaintiff's home, seized some of Plaintiff's property, and ultimately seized Plaintiff himself. It is further alleged that Defendants Carlson and Michal caused Plaintiff to be taken to Defendant Hennepin County Medical Center "to have illegal scientific tests and blood draw performed upon no judicial warrant and against [Plaintiff's] will." (Amended Complaint, § IV, "Statement of Claim," ¶ 2.)

Plaintiff claims that Defendants violated his federal constitutional rights by entering and searching his home, seizing his property, apprehending him and taking him into custody, and subjecting him to "scientific tests" and medical procedures – all without a warrant or probable cause. Plaintiff is seeking a judgment against Defendants pursuant

to 42 U.S.C. § 1983, which would grant him "immediate release" from prison, plus money damages in the amount of "$100,000 per month of incarceration" and "$200,000 for pain and sufferage [sic]." (Id., § V, "Relief.")[1]

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from governmental defendants, his amended complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A, which is part of the Prison Litigation Reform Act of 1995, ("PLRA"). Section 1915A requires federal courts to review the pleadings, in every civil action brought by a prisoner against government employees and entities, "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). If a prisoner's complaint fails to state a cause of action on which relief can be granted, his case will be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

In this case, Plaintiff has failed to plead a viable cause of action, because his claims are barred under the principles discussed by the Supreme Court in Preiser v. Rodriguez, 411 U.S. 475 (1973) and Heck v. Humphrey, 512 U.S. 477 (1994). In both of those cases, the Court held that a state prisoner cannot challenge the fact or duration of his confinement in a federal civil rights action. Habeas corpus is the exclusive federal remedy for a prisoner who seeks an expedited release from custody. Heck, 512 U.S. at 481, citing Preiser, 411 U.S. at 488-490; see also, Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996).

---

[1] Although Plaintiff has not explained why he is currently incarcerated, it is readily apparent from the relief he is requesting that he must have been convicted of a criminal offense, and sent to prison, based on the events described in his amended complaint.

Heck further holds that even when a prisoner-plaintiff is not directly challenging the fact or duration of his incarceration, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483.

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid..., a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, <u>when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated</u>."

Id. at 486-87 (footnote omitted; emphasis added);

Here, it is readily apparent that Plaintiff is challenging the validity of his confinement by the State of Minnesota. Indeed, he is expressly asking this Court to enter an order that would cause him to be immediately released from prison. He is also seeking money damages to compensate him for his allegedly illegal confinement. According to Heck, however, Plaintiff cannot challenge the validity of his confinement in a civil rights action such as this one. Again, habeas corpus is the sole federal remedy by which Plaintiff can secure an expedited release from state custody. Therefore, Plaintiff cannot be granted the relief he is seeking in the present § 1983 civil rights action.

Plaintiff has filed an affidavit in support of his amended complaint, in which he contends that he "seeks not to invalidate or attack any fact or length of [his] confinement,

4

but to be granted proper injunctive relief pursuant to malicious prosecution." ("Affidavit of Attachment of Proof of Exhaustion of State Remedies," [Docket No. 10], p. 2, ¶ C.) That contention, however, is belied by the amended complaint itself. There, Plaintiff has expressly requested that he be granted "immediate release," and damages of "$100,000 per month of incarceration." Plaintiff obviously could not be granted "immediate release" from prison, or compensatory damages for his incarceration, unless the Court concluded that he is wrongly being confined. Thus, it is plainly disingenuous for Plaintiff to argue that he is not really challenging the validity of his current confinement.

The Court notes that even when a prisoner demands <u>only</u> money damages for wrongful imprisonment, he still cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." <u>Heck</u>, 512 U.S. at 483. "<u>Heck</u> requires favorable termination of the action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release." <u>Sheldon</u>, 83 F.3d at 233

Again, it is obvious that a judgment in Plaintiff's favor in this action, granting him the relief that he is seeking, would necessarily impugn the validity of his current confinement. According to <u>Heck</u>, Plaintiff cannot maintain a civil rights action that directly or indirectly challenges the validity of his confinement, (regardless of the type of relief being sought), until after he has <u>successfully</u> challenged his confinement in an appropriate forum, i.e., in a state or federal habeas corpus action. Because Plaintiff has not satisfied this precondition, his current civil rights action is clearly barred by <u>Heck</u>.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff's amended complaint fails to state a cause of action on which relief can be granted.  Therefore, this case must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b), and Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), must be denied.  See 28 U.S.C. § 1915(e)(2)(B)(ii).

Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $350.00 filing fee.[2]  To date, he has paid only $3.00, so he still owes $347.00 at this time.  Prison officials will have to deduct that amount from Plaintiff's institutional trust account, and pay it to the Clerk of Court, in the manner prescribed by 28 U.S.C. § 1915(b)(2).  Finally, because Plaintiff has failed to plead an actionable claim for relief, the dismissal of this action should count as a "strike" against him for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

---

[2] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action.  However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee."  In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").  Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee.  See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $347.00, in accordance with 28 U.S.C. § 1915(b)(2); and

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: April 2, 2008

      s/ Susan Richard Nelson
      SUSAN RICHARD NELSON
      United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 7, 2008** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.