**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Michael Carlton Lowe, Sr., | Civil No. 07-4783 (DWF/SRN) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Sgt. B. Carlson, Sgt. S. Michael, and Hennepin County Medical Center, | |
| Defendants. | |

Michael Carlton Lowe, Sr., *Pro Se*, Plaintiff.

This matter is before the Court on Plaintiff Michael Carlton Lowe, Sr.'s, objections to Magistrate Judge Susan Richard Nelson's Report and Recommendation dated April 2, 2008, recommending that: (1) Plaintiff's application to proceed *in forma pauperis* be denied; (2) this action be summarily dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1); (3) Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $347.00, in accordance with 28 U.S.C. § 1915(b)(2); and (4) for purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local

Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiff's objections. In the Report and Recommendation, Magistrate Judge Nelson explained that Plaintiff failed to plead a viable cause of action because his claims are barred by *Preiser v. Rodriguez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994). Specifically, the Magistrate Judge reasoned that Plaintiff is challenging, through a civil rights complaint, the validity of his confinement by the State of Minnesota, not the conditions of his confinement. The Magistrate Judge noted that, in his Amended Complaint, Plaintiff sought an order that would cause him to be immediately released from prison and money damages to compensate him for his allegedly illegal confinement. The Magistrate Judge rightly concluded that a habeas corpus action is the proper mechanism for such a challenge and that Plaintiff cannot maintain a civil rights action that directly or indirectly challenges the validity of his conviction or sentence until after he has successfully challenged the same in an appropriate forum. *See Heck*, 512 U.S. at 481; *see also Otey v. Hopkins*, 5 F.3d 1125, 1130 (8th Cir. 1993).

On April 9, 2008, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation, asking in part that this action "be stayed pending appeal of, and/or

habeas corpus proceedings in state courts before being dismissed."[1]  (Doc. No. 13 at 2.)  Plaintiff also requests that the Court "bar in part the part of relief seek [sic] injunctive relief and immediate release pursuant to habeas corpus, and thereafter allow the complaint to proceed to trial to obtain damages for the part of the search and seizure violations declared by the state court . . . ."  (Doc. No. 13 at 2.)  On April 25, 2008, Plaintiff filed a second Amended Complaint.  In the second Amended Complaint, Plaintiff states that he seeks the following relief:  "Monetary damages in the sum of $1.5 million dollars, and an additional $1,000,000 million dollars for mental anguish, suffering and deprivation of liberty and pursuit."  (Doc. No. 14.)

The Court determines that Plaintiff's claim continues to be barred by *Heck*.  Despite Plaintiff's revised claim for relief, it is apparent that Plaintiff is challenging, through a civil rights complaint, the validity of his confinement by the State of Minnesota.  Plaintiff's habeas corpus action, and as far as this Court is aware Plaintiff's state court conviction, is currently on appeal.  In his federal habeas corpus action, and

---

[1]  Plaintiff previously filed a habeas corpus petition challenging his conviction and sentence after a jury verdict in the State District Court for Hennepin County, Minnesota.  (Civ. No. 07-4886, Doc. No. 3.)  In that petition, Plaintiff claims, among other things, that his conviction was based on evidence obtained in violation of his Fourth Amendment rights.  On February 5, 2008, Magistrate Judge Nelson issued an order recommending that Plaintiff's amended petition for writ of habeas corpus be denied.  As of the date of the Report and Recommendation, the Magistrate Judge noted that Plaintiff's criminal case was still pending before the Minnesota Court of Appeals.  On March 19, 2008, the undersigned adopted the Report and Recommendation and dismissed Plaintiff's habeas action without prejudice.  On April 9, 2008, Plaintiff appealed this Court's order adopting the Report and Recommendation to the Eighth Circuit Court of Appeals.

presumably his state court appeal, Plaintiff argues that Fourth Amendment violations invalidate his conviction. Plaintiff cannot consistently claim that his conviction should be set aside due in part to Fourth Amendment violations and argue here that a finding of a Fourth Amendment violation by this Court would not taint his state court conviction. It is clear that a judgment in Plaintiff's favor on the claims presented in his second Amended Complaint would validate the claims presented in his habeas corpus petition, which would necessarily cast doubt on the validity of his confinement. *Heck*, 512 U.S. at 486-87. Therefore, Plaintiff's claim must be dismissed.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

### ORDER

1. Plaintiff Michael Carlton Lowe, Sr.'s, objections (Doc. No. 13) to Magistrate Judge Susan Richard Nelson's Report and Recommendation dated April 2, 2008, are **DENIED**.

2. Magistrate Judge Susan Richard Nelson's Report and Recommendation dated April 2, 2008 (Doc. No. 12) is **ADOPTED**.

3. Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is **DENIED.**

4. This action is **SUMMARILY DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1).

5. Plaintiff is required to pay the unpaid balance of the Court filing fee, namely $347.00, in accordance with 28 U.S.C. § 1915(b)(2).

6. For purposes of 28 U.S.C. § 1915(g), this action is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 1, 2008                s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   Judge of United States District Court